IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 96-40607
Summary Calendar

---

KIRBY GARDNER,

Plaintiff-Appellant,

versus

SHERRY BROWN, Administrator, TDCJ-ID;
B. CHANEY, Asst. Warden, Gurney Unit;
A.P. LARSON, Physician, Gurney Unit;
WAYNE SCOTT, Director, TDCJ-ID,

Defendants-Appellees.

---

Appeal from the United States District Court for the
Eastern District of Texas
(6:95-CV-547)

---

January 7, 1997
Before GARWOOD, JOLLY and DENNIS, Circuit Judges.[*]

PER CURIAM:

Plaintiff-appellant Kirby Gardner (Gardner), a prisoner in the

Texas Department of Criminal Justice, filed this *pro se, in forma*

*pauperis,* civil rights action under 42 U.S.C. § 1983 against

---

[*]Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

various prison officials and employees, raising a host of claims. The magistrate judge ultimately dismissed the complaint. No judgment was rendered by the district court. In this appeal from the dismissal of his suit, Gardner complains, among other things, that the magistrate judge should not have entered judgment in the case because any consent Gardner had given to proceeding before the magistrate judge he should have been allowed to withdraw as he had requested.

It is settled that a magistrate judge has no jurisdiction to enter judgment in an ordinary civil case absent written consent of the parties. 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73(a) & (b); *Mendez Jr. International Co. v. M/V Sokai Maru*, 978 F.2d 920 (5th Cir. 1992). However, a party has no absolute right to withdraw a validly given consent to trial before a magistrate judge, and disposition of a request to withdraw consent is committed to the sound discretion of the court. *Carter v. Sea Land Services, Inc.*, 816 F.2d 1018, 1021 (5th Cir. 1987). We conclude that valid consent was never given and, alternatively, even if it be assumed that consent was given, under the unique circumstances here, withdrawal of consent was permitted and the permission could not be withdrawn or the magistrate judge abused his discretion by not allowing withdrawal. We accordingly vacate the judgment below and remand the cause for further proceedings.

The complaint was initially filed in July 1995, and in

2

September 1995 Gardner filed his "nonconsent" to proceeding before the magistrate judge. No consent had been given prior to that time. On November 7, 1995, the magistrate judge set a hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), for December 7, 1995. The *Spears* hearing was held on that date. The magistrate judge opened the *Spears* hearing by explaining its purpose. Immediately thereafter, he advised Gardner that he could consent to trial before a magistrate judge "and that is what I am. Are you interested in this?" Gardner replied that he was, and was apparently handed a written consent form, which the magistrate judge told him to sign and date "and then we will go ahead and discuss your complaint in more detail." Although the record is unclear, Gardner apparently signed the form at this time, and dated it, as instructed by the magistrate judge, "12-7-95." Gardner *immediately* asked if he would be able to appeal to a district judge. The magistrate judge replied that he could appeal to the Fifth Circuit. Gardner asked did this mean he could not appeal to the district judge. The magistrate judge replied that that is what it meant, he could only appeal to the Fifth Circuit. Gardner replied "[w]ell, I would like to, I would like to strike that. I would like to have an appeal directly to the district judge." The magistrate judge responded that district policy was that where there was a consent to trial before a magistrate judge, the only appeal was to the Fifth Circuit. Gardner asked if this meant he

could not appeal to the district court. The magistrate judge responded, "Not *if* you consent to trial before me." (Emphasis added). Gardner responded, "I would like to strike that, I would like to have some kind of appeal to him [the district judge]." The magistrate judge said "[a]ll right," and the following then transpired:

"A [Gardner]. I would like to have some kind of review of this.

Q [Magistrate Judge]. Okay, so, you don't want to consent? You want to withdraw that?

A. Yes, sir.

Q. *All right*, let's talk about your [claim of] denial of access to the courts, what is your problem there?" (Emphasis added).

The hearing then for the first time proceeded into the substance of a *Spears* hearing. Nothing further was said about consent to trial before a magistrate judge at that hearing.

The minutes of the December 7, 1995, *Spears* hearing state "pltf withdrew consent after signing" and on the next line "ct. w/d consent." At the bottom of the December 7 minutes form there is a blank following the printed legend "consent form executed," and this blank is checked, but after the blank there appears "w/d."

The next relevant occurrence was the issuance of the magistrate judge's "Report and Recommendation of the United States Magistrate Judge on January 29, 1996." The next-to-last paragraph of this document state "it is therefore recommended that

4

plaintiff's complaint be dismissed without prejudice," and in the last paragraph it is stated that failure to file objections to the proposed findings and recommendations contained within the report will bar *de novo* review by the district court thereof and will also bar appellate review of findings accepted or adopted by the district court except for plain error.

Thereafter, on March 25, 1996, Gardner filed a document in essence asserting that he had never properly consented to proceed before the magistrate judge, or should have been allowed to withdraw the consent he had signed on December 7, as he had requested at that hearing.

Thereafter, on April 2, 1996, the magistrate judge issued an order in which he declined to allow Gardner to withdraw his consent. The order recites that a consent form was executed at the *Spears* hearing, and that Gardner was not coerced into signing it. The order also states that Gardner's reasons for wanting to withdraw the consent—such as asserted bias on the part of the magistrate judge or the desire to have the district judge hear an appeal or the like—were not adequate. However, the April 2, 1996, order does not address the fact that Gardner, virtually immediately upon signing or presenting the consent form at the *Spears* hearing, and before the magistrate judge had finished explaining it to him, sought to withdraw any such consent, if indeed the giving of consent had actually been completed. Nor does the magistrate

5

judge's April 2, 1996, order address the fact that before the *Spears* hearing itself commenced, and before discussion of giving consent was terminated, he apparently allowed Gardner to withdraw any consent that might have been given at that time. Nor does the magistrate judge's April 2, 1996, order address the January 29, 1996, Report and Recommendation, which is inconsistent with anything other than consent not having been given, or if given having been withdrawn with approval of the magistrate judge.

Ultimately, on May 3, 1996, the magistrate judge entered a purported final judgment dismissing the suit.

Based on all the foregoing, we conclude that consent was never validly given; before the consent transaction was consummated, Gardner withdrew. Consent must be explicit and may not be inferred. *Caprera v. Jacobs*, 790 F.2d 442, 445 (5th Cir. 1986); *Mendez Jr*. at 922. Alternatively, even if it could be said that consent had been given for some brief, fleeting theoretical moment, it was thereupon promptly withdrawn, and the magistrate judge allowed the withdrawal. He could not thereafter withdraw his allowance of the withdrawal. *Sockwell v. Phelps*, 906 F.2d 1096 (5th Cir. 1990). At the very least, it was an abuse of his discretion to do so.

Accordingly, the magistrate judge's "Final Judgment" is vacated and the cause is remanded.

VACATED and REMANDED